1    **THOMAS J. GODDARD**

2    Self-Represented

3    [Address—Protected by ADA]

4    (415) 985-5539

5

6    **UNITED STATES DISTRICT COURT**

7    **NORTHERN DISTRICT OF CALIFORNIA**

8

9    THOMAS J. GODDARD,

10       Plaintiff,

11    v.

12    COUNTY OF CONTRA COSTA;

13    SUPERIOR COURT OF CALIFORNIA,

14    COUNTY OF CONTRA COSTA;

15    COUNTY OF CONTRA COSTA;

16    TERRI A. MOCKLER, in her individual

17    and official capacities;

18    MICHELLE DAWSON, in her individual

19    and official capacities;

20    DEPUTY DISTRICT ATTORNEY BROWN,

21    in their individual and official

22    capacities; ANDREW ADAMS;

23    DEBORA CARBONE; CLERK CARLOCCA;

24    CLIFTON HUFFMASTER; and DOES 1-25,

25       Defendants.

FILED

MAR 28 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CV25-02910

DMR

CIVIL ACTION NO. _____

**DECLARATION OF ROXANE PASAMBA**

**IN SUPPORT OF COMPLAINT FOR:**

**1. VIOLATION OF CIVIL RIGHTS**

   **(42U.S.C. § 1983)**

**2. VIOLATION OF ADA (TITLE II)**

**3. RELIGIOUS DISCRIMINATION**

**4. CONSPIRACY AGAINST RIGHTS**

**5. INTENTIONAL INFLICTION OF**

   **EMOTIONAL DISTRESS**

**6. NEGLIGENT INFLICTION OF**

   **EMOTIONAL DISTRESS**

**7. PERSONAL INJURY**

THOMAS J. GODDARD v. COUNTY OF CONTRA COSTA, et al.

1

2  **DECLARATION OF ROXANE PASAMBA**

3

4  I, Roxane Pasamba, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

5

6  1. I have personal knowledge of the facts stated in this declaration and could testify competently

7  to them if called as a witness.

8

9  2. On February 21, 2025, I was present at the Contra Costa Superior Court civil division as an

10  assistant for Mr. Goddard and directly witnessed the following violations of federal constitutional

11  and civil rights:

12

13    a) Format Requirements and Filing Barriers:

14      - Court staff refused to accept Mr. Goddard's summons despite his explicit ADA

15  accommodation request under Title II

16      - Staff demanded documents be on legal size paper even though content fit on standard

17  format, creating an unnecessary barrier to court access

18      - Filing assistance was systematically denied in violation of 28 C.F.R. § 35.130(b)(7)

19      - Physical barriers were deliberately created that prevented equal access to court services

20      - A clear pattern of intentional ADA access violations was evident, demonstrating deliberate

21  indifference under Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001)

22

23    b) Andrew Adams (Court Operations Manager) Misconduct at 725 Court Street Civil Clerk's

24  Desk:

THOMAS J. GODDARD v. COUNTY OF CONTRA COSTA, et al.

1    - At approximately 2:30 PM, Mr. Adams explicitly stated that "procedures" override ADA

2    rights, directly violating 42 U.S.C. § 12132

3    - Mr. Adams deliberately denied valid accommodation requests required under federal law

4    - Mr. Adams created additional barriers to filing in violation of 28 C.F.R. § 35.130

5    - Mr. Adams demonstrated a pattern of institutional practice that violated clearly established

6    law regarding court access as protected by Tennessee v. Lane, 541 U.S. 509 (2004)

7    - Mr. Adams coordinated with other staff to deny access, showing an institutional custom of

8    discrimination actionable under Monell v. Dep't of Social Services, 436 U.S. 658 (1978)

9

10    c) Physical Impact on Mr. Goddard:

11    - Mr. Goddard was required to stand for extended periods despite his visible disability,

12    causing obvious pain

13    - The immediate medical impact was apparent as Mr. Goddard's condition noticeably

14    deteriorated during the interaction

15    - Pain aggravation was documented through Mr. Goddard's verbal expressions and physical

16    manifestations

17    - Treatment delay was continued by the refusal to accommodate his conditions

18    - Additional physical strain was imposed in direct violation of his clearly established rights

19

20    3. I witnessed these specific violations that caused Mr. Goddard harm:

21

22    a) ADA Title II Violations:

23    - Filing assistance denied in violation of 28 C.F.R. § 35.160

24    - Reasonable accommodations blocked despite medical documentation

25    - Physical barriers intentionally created that prevented equal access

THOMAS J. GODDARD v. COUNTY OF CONTRA COSTA, et al.

1    - Pattern documented across multiple court departments

2    - Deliberate indifference to Mr. Goddard's federally protected rights

3

4    b) Section 1983 Civil Rights Violations:

5    - Mr. Adams, acting under color of state law, denied Mr. Goddard equal access to court

6    services

7    - Court staff violated Mr. Goddard's clearly established constitutional right of access to courts

8    - Physical injury was directly caused by the enforcement of discriminatory requirements

9    - Multiple staff coordinated to implement a discriminatory institutional practice

10    - The violations reflected official policy or custom as defined in Monell v. Dep't of Social

11    Services

12

13    c) Supervisor-Level Constitutional Violations:

14    - Mr. Adams enforced discriminatory policies with knowledge of their unlawfulness

15    - Mr. Adams demonstrated deliberate indifference to constitutional rights

16    - The violations were implemented pursuant to institutional practices

17    - The pattern of discrimination appeared systematic and coordinated

18    - Supervisory personnel actively participated in the rights violations

19

20    4. The violations resulted in the following immediate consequences:

21

22    a) Direct Harm:

23    - Mr. Goddard was forced to leave without completing his filing, denying his fundamental

24    right of access to courts

25    - Additional return trips were required, aggravating his medical conditions

THOMAS J. GODDARD v. COUNTY OF CONTRA COSTA, et al.

1    - His physical condition visibly worsened during and after the interaction

2    - His federally protected rights under the ADA and Constitution continued to be violated

3

4    b) Pattern of Coordinated Rights Violations:

5    - Multiple staff coordinated in implementing discriminatory practices

6    - The institutional practice was demonstrated through consistent responses across departments

7    - Constitutional and civil rights were systematically violated

8    - Ongoing damages continued to accrue as a result of these violations

9

10    5. I was present during the entire interaction described above and personally observed all events

11    detailed in this declaration. I am prepared to testify in federal court regarding these matters.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THOMAS J. GODDARD v. COUNTY OF CONTRA COSTA, et al.

1   I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3

4   Executed on February 26, 2025, at Martinez, California.

5

6   _____

7           ROXANE PASAMBA

8

9   STATE OF CALIFORNIA

10  ss.

11  COUNTY OF CONTRA COSTA SOLANO

12

13  On February 26, 2025, before me, _____N. Dang_____, Notary Public, personally

14  appeared ROXANE PASAMBA, who proved to me on the basis of satisfactory evidence to be the

15  person whose name is subscribed to the within instrument and acknowledged to me that she

16  executed the same in her authorized capacity, and that by her signature on the instrument the

17  person executed the instrument.

18

19  I certify under PENALTY OF PERJURY under the laws of the State of California that the

20  foregoing paragraph is true and correct.

21

22  WITNESS my hand and official seal.

23

24  Signature: _____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California , County of ___Solano___ }ss.
On 02/26/2025 before me, ___N. Dang___, Notary Public, personally appeared Roxanne Pasamba, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

N. DANG
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2418758
SOLANO COUNTY
My Comm. Exp. October 23, 2026

25

Page 6 of 6