IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. GODDARD,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>   Defendants. | Case No. 25-cv-02910-CRB<br><br>**ORDER GRANTING IFP STATUS; SCREENING AND DISMISSING COMPLAINT; AND DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Thomas Goddard filed a pro se complaint and application to proceed in forma pauperis. See Compl. (dkt. 1); IFP App. (dkt. 5). 28 U.S.C. § 1915(a) authorizes the Court to permit a plaintiff to file a federal lawsuit without prepayment of fees or security so long as the plaintiff submits an affidavit showing that he is unable to pay the fees or give security. Goddard states that his only income consists of $5,000 in monthly disability payments and that he has no assets, yet he has $5,650 in monthly expenses between rent, utilities, car insurance, car payments, phone payments, and credit card payments.[1]  IFP App. ¶¶ 1, 5, 8. Based on this information, the Court finds that Goddard has demonstrated that he is unable to pay the filing fee and **GRANTS** his IFP application.

The IFP statute further requires the Court to screen Goddard's complaint and dismiss the case if, among other things, the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The Court holds that Goddard's claims are barred by the abstention doctrine of Younger v. Harris, 401 U.S.

---

[1] Though Goddard's assertion that he has car payments and car insurance seems to contradict his assertion that he has no assets (including a car), compare IFP App. ¶ 5 with id. ¶ 8, Goddard's car payments are not the source of a significant amount of his liabilities, and so this apparent inconsistency does not affect his application.

37 (1971), and accordingly dismisses Goddard's complaint for failure to state a claim on which relief can be granted. See Matava v. CTPPS, LLC, 2022 WL 462396, at *6 (D. Conn. Feb. 15, 2022) (dismissing action filed in forma pauperis on basis of Younger abstention); Ysais v. Children Youth & Fam. Dep't, 353 F. App'x 159, 161 (10th Cir. 2009) (affirming dismissal under 28 U.S.C. § 1915(e) on basis of Younger abstention); cf. Telles v. Las Vegas Metro. Police Dep't, 2024 WL 3996566, at *3–5 (D. Nev. Aug. 12, 2024) (affirming dismissal under PLRA on basis of Younger abstention).

Abstention under the Younger doctrine is appropriate if a state criminal action (1) is ongoing, (2) implicates important state interests, and (3) provides an adequate opportunity to raise constitutional challenges, as long as (4) "the federal action would have the practical effect of enjoining the state proceedings." Herrera v. City of Palmdale, 918 F.3d 1037, 1043–44 (9th Cir. 2019) (citation omitted). The Younger doctrine applies equally to claims brought under federal statutes as to federal constitutional claims. See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans (NOPSI), 491 U.S. 350, 365 (1989) ("There is no greater federal interest in enforcing the supremacy of federal statutes than in enforcing the supremacy of explicit constitutional guarantees.").

Here, although Goddard does not clearly identify the topic of the proceedings in state court, his filings make clear that it is a criminal proceeding. See, e.g., TRO App. (dkt. 7) ¶ 3(a); Compl. ¶¶ 51–59. The proceeding is ongoing, with trial set for April 7, 2025. Compl. ¶ 4. Enforcement of criminal laws is "important and necessary." NOPSI, 491 U.S. at 365; see also Juidice v. Vail, 430 U.S. 327, 345 (1977) ("Pending state criminal proceedings have always been viewed as paradigm cases involving paramount state interests."). And the Supreme Court instructs that federal courts "should assume that state procedures will afford an adequate remedy" for a state-court defendant to vindicate their federal constitutional rights "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of its claims.'" Id. at 14 (cleaned up) (citation omitted). Goddard makes no such showing.

2

And Goddard's requested relief would effectively enjoin the state proceedings against him. He seeks a temporary restraining order staying the April 7 trial date, which would literally enjoin the state proceedings. TRO App. ¶ 3(a). As for his requests that Defendants take various steps to comply with the Americans with Disabilities Act, hold an "immediate hearing" on his request for mental health diversion, and provide him with purported exculpatory information, see id. ¶ 3(b), (d); Emergency Hearing Req. (dkt. 6) at 7–8; that would likewise interfere with the ongoing state proceedings. See O'Shea v. Littleton, 414 U.S. 488, 500 (1974) (Younger abstention proper where plaintiff sought a federal court injunction to control or prevent certain aspects of state criminal trials); Joseph A. ex rel. Wolfe v. Ingram, 275 F.3d 1253, 1271 (10th Cir. 2002) ("federal court oversight of state court operations, even if not framed as direct review of state court judgments, may nevertheless be problematic for Younger purposes"). His requests for declaratory relief and damages fare no better. See Samuels v. Mackell, 401 U.S. 66, 72 (1971) ("no relevant difference" between declaratory and injunctive relief for Younger analysis); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (request for damages "would have the same practical effect on the state proceedings as the injunctive relief condemned in Younger and the declaratory relief constrained in Samuels").

Lastly, Goddard's case does not present the kind of extraordinary circumstances that would warrant federal interference in state criminal proceedings. As one court put it: "Defendants in state criminal proceedings routinely allege that some aspect of their arrest, detention, or prosecution violates their constitutional rights, which makes this a regular occurrence, not an extraordinary circumstance." Telles, 2024 WL 3996566, at *5.

At bottom, Goddard's claims are "reserved by the Younger doctrine to the state judiciary, with review (if appropriate) by the Supreme Court of the United States." Milchtein v. Chisholm, 880 F.3d 895, 899 (7th Cir. 2018). This Court has no role to play. The Court therefore **DISMISSES WITH PREJUDICE** the claims for injunctive and declaratory relief and **STAYS** the damages claims until the termination of litigation in state court, at which point Goddard may assert those claims if they are not barred by the

3

1  doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).  The Court also **DENIES** Goddard's
2  application for a temporary restraining order.
3  **IT IS SO ORDERED.**
4  Dated: March 31, 2025



CHARLES R. BREYER
United States District Judge

4