UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

Defendants.

Case No.  25-cv-02910-TLT

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ADA ACCOMODATIONS**

Re: Dkt. No. 48

*Pro se* Plaintiff Thomas Goddard alleges that Defendants County of Contra Costa, Contra Costa Superior Court, and individual judges, court employees, assistant district attorneys, and public defenders conspired to deprive Plaintiff of his rights during the pendency of Plaintiff's state criminal case.  After Plaintiff filed numerous motions before this Court, the Ninth Circuit affirmed the Court's dismissal of Plaintiff's claims for injunctive and declaratory relief and affirmed the Court's staying of the case pending the completion of Plaintiff's state criminal case.  Plaintiff now seeks various ADA accommodations.

Pending before the Court is Plaintiff's emergency motion requesting ADA accommodations.  ECF 48.  In its discretion, the Court finds that this matter is suitable for disposition without oral argument.  N.D. Cal. L.R. 7-1(b).

Having carefully considered the relevant legal authority, and for the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's emergency motion requesting ADA accommodations.  The hearing set for March 24, 2026 is hereby **VACATED**.

## I.    BACKGROUND

On March 28, 2025, Plaintiff Thomas Goddard filed a complaint against Defendants County of Contra Costa, Contra Costa Superior Court, and individual judges, court employees,

assistant district attorneys, and public defenders. ECF 1. Plaintiff alleges Defendants systemically deprived Plaintiff of his rights by denying Plaintiff court access, denying transcripts, withholding evidence, not providing discovery, denying ADA accommodations, requiring mental health diversions, and setting a trial date in Plaintiff's criminal case. *Id*. ¶¶ 2–3; 6–11. Plaintiff's criminal trial is set to begin on April 7, 2026. *Id*. ¶ 4. Plaintiff alleges that the Defendants (1) violated Plaintiff's First Amendment, Fourth Amendment, and Sixth Amendment rights; (2) violated the ADA; (3) engaged in religious discrimination; (4) violated Plaintiff's procedural due process, substantive due process rights, and Brady; (5) personally injured Plaintiff; (6) intentionally inflicted emotional distress; (7) denied Plaintiff access to courts; (8) conspired to violate Plaintiff's civil rights; (9) retaliated against Plaintiff; (10) violated the Bane Act; (11) retaliated against Plaintiff for requesting ADA accommodations. *Id*. ¶¶ 134–199. Plaintiff filed motions for temporary restraining orders and a motion to proceed in forma pauperis. ECF 5–7.

Plaintiff's case was first assigned to Judge Breyer. ECF 11. On March 31, 2025, Judge Breyer granted Plaintiff's motion to proceed in forma pauperis, denied Plaintiff's motions for temporary restraining orders, and issued an order screening and dismissing the complaint. ECF 13. In dismissing the complaint, Judge Breyer found that Plaintiff's ongoing state criminal proceedings formed the basis of Plaintiff's claims. *Id*. at 1. Because the Court's review of state criminal proceedings is barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), Judge Breyer dismissed Plaintiff's complaint. *Id*. at 1–2. Specifically, Judge Breyer dismissed with prejudice Plaintiff's claims for injunctive and declaratory relief and stayed Plaintiff's damages claims until termination of Plaintiff's criminal court proceedings. *Id*. at 3–4.

On the same day, March 31, 2025, Plaintiff filed a notice of appeal to the Ninth Circuit. ECF 14. Plaintiff subsequently filed various motions to expedite appeal and for injunctive relief. ECF 14–15, 17, 20, 22–24, 27–32. Judge Breyer denied Plaintiff's post-appeal motions because the Court lacked jurisdiction over the motions. ECF 34 (citing *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003) ("[T]he filing of a notice of appeal generally divests the trial court of jurisdiction")).

On December 22, 2025, the Ninth Circuit affirmed Judge Breyer's dismissal of Plaintiff's

declaratory and injunctive relief claims and staying of Plaintiff's damages claims pending Plaintiff's ongoing state criminal case.  ECF 43.

On February 13, 2026, Plaintiff filed a motion to recuse Judge Breyer.  ECF 47.  Judge Breyer granted the recusal motion, ECF 49, and the undersigned Judge was assigned to the case.  ECF 50.

On February 16, 2026, Plaintiff filed an emergency motion requesting ADA accommodations.  ECF 48.

## II.    LEGAL STANDARD

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001).  However, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo."  *Id*.  The Court "may not take actions that alter any substantial rights on appeal or that cannot later be undone." *In re TFT-LCD (Flat Panel) Antitrust Litig*., No. 07-cv-1827, 2013 WL 6055079, at *1 (N.D. Cal. Nov. 12, 2013).

Federal Rule of Civil Procedure 1 requires the federal rules to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

## III.    DISCUSSION

Plaintiff argues that he currently suffers from chronic pain, numbness, and weakness; involuntary shaking; post-traumatic stress disorder; bipolar disorder; vocal cord paralysis; and stress-induced medical crises.  ECF 48 at 6.  Although Plaintiff has not provided this Court with documents verifying his medical conditions, his "records have been filed across Plaintiff's federal cases." *Id*.

Plaintiff's motion requests the following accommodations: (A) automatic appeal of all denied motions to the Ninth Circuit; (B) automatic petition for writ of certiorari to the United States Supreme Court; (C) extended time for all filings; (D) written rulings on all motions; (E) electronic filing and communication accommodation; and (F) assistive technology accommodations.  ECF 48 at 7–10; 39–40.

United States District Court
Northern District of California

### A. The Court Denies Plaintiff's Request for Automatic Appeals of All Denied Motions to the Ninth Circuit

Plaintiff requests that all orders denying any of Plaintiff's motions or requests be automatically noticed for appeal to the Ninth Circuit. ECF 48 at 7.

The Court must deny Plaintiff's request to require automatic appeals of all denied motions to the Ninth Circuit. Plaintiff has not provided, and the Court is unaware of any authority that would allow the Court to require automatic appeals to the Ninth Circuit. *Cf. In re Silverkraus*, 336 F.3d 864, 869 (9th Cir. 2003) ("It is true that the filing of a notice of appeal generally divests the trial court of jurisdiction."). Although Plaintiff argues that he needs assistance with filing his briefs and motions, the record reflects that he has been able to file several briefs and motions throughout the pendency of this case. *See* ECF 1–ECF 8; ECF 14–ECF 20; ECF 22–ECF 24: ECF 27–ECF 33; ECF 36–ECF 43; *see also Williams v. Dickinson*, No. 09-cv-2968, 2011 WL 4500807, at *1 (E.D. Cal. Sept. 27, 2011) (finding plaintiff was able to litigate where plaintiff was able to file numerous pleadings in state and federal court).

Accordingly, the Court DENIES Plaintiff's request for automatic appeals of denied motions to the Ninth Circuit.

### B. The Court Denies Plaintiff's Request for Automatic Appeals to the United States Supreme Court

Plaintiff requests that any Ninth Circuit denial of Plaintiff's appeal be automatically appealed to the United States Supreme Court through a writ of certiorari. ECF 48 at 7–8.

Similar to the Court's discussion of Plaintiff's request for automatic appeals to the Ninth Circuit, Plaintiff has not provided, and the Court is unaware of any authority that would allow the Court to provide automatic appeals from the Ninth Circuit to the Supreme Court. The record also reflects that Plaintiff has been able to file numerous motions and an appeal. *See supra* Section III(A).

Accordingly, the Court DENIES Plaintiff's request for automatic appeals from the Ninth Circuit to the United States Supreme Court.

### C. The Court Denies Plaintiff's Request for Extensions to All Filing Deadlines

Plaintiff requests that the Court automatically extend all filings deadlines in this case by 60

days because Plaintiff's emergency room visits have interrupted his ability to meet filing deadlines. ECF 48 at 8.

The Court **DENIES** Plaintiff's request for an automatic 60-day extension for all filing deadlines for lack of good cause. Although Plaintiff has visited emergency rooms in the past, Plaintiff has failed to explain whether the visits are ongoing.

### D.    The Court Grants Plaintiff's Request for Written Rulings on All Motions

Plaintiff requests that the Court provide written rulings on all of Plaintiff's motions. ECF 48 at 9.

Because the Court's existing practice is to provide written rulings on motions, the Court **DENIES IN PART** Plaintiff's request to provide written rulings addressing Plaintiff's motions to the extent there is an oral motion during a case management conference, hearing, or administrative request. In that event, the Court will issue a text order.

### E.    The Court Grants Plaintiff's Request to File Motions Via the Court's ECF System

Plaintiff requests permission to file his motions electronically via the Court's ECF system. ECF 48 at 9.

The Court GRANTS Plaintiff's request to file motions electronically via the Court's ECF system. The record reflects that Plaintiff is registered on the Court's ECF system and Plaintiff has been able to file numerous motions on the docket. *See* ECF 1–ECF 8; ECF 14–ECF 20; ECF 22–ECF 24: ECF 27–ECF 33; ECF 36–ECF 43.

### F.    The Court Grants Plaintiff's Request for Use of Assistive Technology Accommodations

Plaintiff requests that the Court allow use of Plaintiff's ADA compliant assistive technology, including AI-assisted document preparation, speech-to-text software, and automative legal research tools. ECF 48 at 10.

Given Plaintiff's disabilities, the Court **GRANTS** Plaintiff's request to use ADA compliant assistive technology. To the extent Plaintiff seeks to use AI, Plaintiff is ORDERED to review the Court's Standing Order on Civility and Professionalism, including:

> The use of AI tools may result misrepresentation and fabricated

caselaw. Counsel is responsible for providing the Court with complete and accurate representations of the record, procedural history, and cited legal authorities. Use of ChatGPT or other such AI tools is not prohibited, but counsel must personally confirm for themselves the accuracy of any research conducted by these means, and counsel alone bears ethical responsibility for all statements made in filings. See ABA Resolution 604 (2024) (encouraging use of AI in a manner consistent with professional responsibility, including maintaining client confidentiality and supervising technology). Failure to exercise due care in reviewing and filing work product created with the assistance of AI tools may result in sanctions under Federal Rule of Civil Procedure 11 or expose counsel to disciplinary action.

Standing Order on Civility and Professionalism Section VII.

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's emergency motion requesting ADA accommodations.

The Court denies Plaintiff's request for automatic appeals to the Ninth Circuit.

The Court denies Plaintiff's request for automatic appeals to the United States Supreme Court.

The Court denies Plaintiff's request for extensions to all filing deadlines.

The Court grants in part and denies in part, Plaintiff's request for written rulings on all motions.

The Court grants Plaintiff's request to file motions via the Court's ECF system.

The Court grants Plaintiff's request for use of assistive technology accommodations.

IT IS SO ORDERED.

Dated: March 17, 2026

TRINA L. THOMPSON
United States District Judge

*United States District Court*
*Northern District of California*